

# Fourth Court of Appeals
## San Antonio, Texas

September 4, 2014

No. 04-14-00551-CV

Pablo **SOLIZ**,
Appellant

v.

**THE STATE OF TEXAS**,
Appellee

From the 79th Judicial District Court, Brooks County, Texas
Trial Court No. 14-02-16542-CV
Honorable David Wellington III, Judge Presiding

## O R D E R

In this accelerated appeal, the clerk's record and reporter's record were originally due on August 14, 2014. Both the trial court clerk and the court reporter filed Notifications of Late Record stating that their records were not filed because appellant had failed to pay or make arrangements to pay their fee for preparing the record and that appellant was not entitled to appeal without paying the fee. The court reporter also stated she has not been asked to produce the record.

On August 22, 2014, we ordered appellant to provide written proof to this court no later than September 2, 2014 that either (1) the clerk's fee has been paid or arrangements have been made to pay the clerk's fee; or (2) appellant is entitled to appeal without paying the reporter's fee. On August 27, 2014, we ordered appellant to (1) request in writing, no later than September 8, 2014, that a reporter's record be prepared and (2) designate in writing, no later than September 8, 2014, the exhibits and those portions of the record to be included in the reporter's record. *Id.* Our order of August 27, 2014, also ordered appellant to provide written proof to this court no later than September 8, 2014 that either (1) the reporter's fee has been paid or arrangements have been made to pay the reporter's fee; or (2) appellant is entitled to appeal without paying the reporter's fee.

On September 2, 2014, appellant filed an Affidavit of Indigence stating he is unable to pay court costs. Accordingly, the clerk, court reporter, or any party who desires to challenge appellant's claim of indigence is hereby ORDERED to do so by filing a contest to the affidavit in the trial court no later than September 15, 2014. TEX. R. APP. P. 20.1(e).

Pursuant to Texas Rule of Appellate Procedure 20.1(h)(4), we abate this case to the trial court:

      A.     To conduct a hearing or sign an order extending the time to conduct a hearing within ten days after the contest is filed; provided, however, that the time for conducting a hearing on the contest must not be extended for more than twenty days from the date the trial court signs its order extending the time to conduct the hearing. TEX. R. APP. P. 20.1(i)(2),(3) and

      B.     To determine whether or not the appeal is frivolous if no contest is filed or if a contest is overruled. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003 (West 2002).

The trial court is hereby ORDERED to prepare a written order and written findings of fact and conclusions of law regarding its indigence determination and its determination with regard to whether the appeal is frivolous.

The trial court clerk is hereby ORDERED to electronically file a clerk's record, as soon as practicable after the trial court enters its order and written findings and conclusions but in no event later than sixty days from the date of this court's order, containing: (1) the contest or a certificate stating no contest was filed; (2) the trial court's order; (3) the trial court's findings of fact and conclusions of law; (4) the judgment being appealed; (5) any post-judgment motions; (6) the notice of appeal; and (7) the court's docket sheet.

The court reporter is hereby ORDERED to file a reporter's record of the hearing as soon as practicable but in no event later than sixty days from the date of this court's order.

_Sandee Bryan Marion_
Sandee Bryan Marion, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 4th day of September, 2014.

_Keith E. Hottle_
Keith E. Hottle
Clerk of Court